## JULIA C. MORRISON *vs.* HARRY B. MONTGOMERY.

**1. TRESPASS—POSSESSION OF PLAINTIFF.**

In action of trespass quare clausum fregit, plaintiff cannot recover, unless it be shown that premises were in plaintiff's possession at time of trespass.

**2. TRESPASS—PLEADING—POSSESSION OF PLAINTIFF.**

Declaration, in action for trespass quare clausum fregit, averring, in first count, that defendant broke and entered "the close of the plaintiff," describing it in a substantial way, and, in second count, averring defendant broke and entered "a certain close of the said plaintiff," and ejected, expelled, and put out and removed plaintiff from possession, *held* sufficient, as against demurrer, in its averment of plaintiff's possession.

(*March* 25, 1919.)

BOYCE and CONRAD, J. J., sitting.
*William H. Cooper* for plaintiff.
*Percy Warren Green* for defendant.
Superior Court for New Castle County, March Term, 1919.

TRESPASS QUARE CLAUSUM FREGIT, No. 101, January Term, 1919.

Action by Julia C. Morrison against Harry B. Montgomery. On general demurrer. Demurrer overruled.

CONRAD, J., delivering the opinion:

The defendant demurs generally to the first and second counts of plaintiff's declaration, contending that no sufficient averment is made by plaintiff that she was in possession of the premises laid as the locus in quo of the trespass.

[1, 2]   It is well established law that in an action of trespass quare clausum fregit the plaintiff cannot recover unless it be shown that the premises were in the plaintiff's possession at the time of the alleged trespass. In the case at bar, the plaintiff avers in the first count of his declaration that defendant broke and entered "the close of the plaintiff," describing the same in a substantial way.

In the second count, the averment is the defendant broke and entered "a certain close of the said plaintiff," and then and there

Opinion.

ejected, expelled, and put out and removed the said plaintiff from the possession thereof.

The averments are, in the judgment of the court, sufficient to support proof of the possession of the premises by the plaintiff at the time of the alleged trespass.

Demurrer overruled.